IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LAWSON WELLS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-155 (CAR) |
| | : | |
| BRIAN OWENS, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Respondent Brian Owens has filed a Motion to Dismiss the above-captioned petition, alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). Doc. 8. The record confirms that Petitioner failed to file his petition within the one-year period of limitations. Petitioner has failed to show that he is entitled to the actual innocence exception to the limitations period or that that he is entitled to a later start date of the limitations period based on newly discovered evidence. Accordingly, it is **RECOMMENDED** that the instant petition be **DISMISSED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 26, 1993, Petitioner Lawson Wells was indicted by a Bleckley County Grand Jury for murder. Doc. 12-2 at 53-54. The charge stemmed from a fatal shooting at a night club following an argument between several people. Doc. 12-4. On July 18, 1994, Petitioner pleaded guilty to murder and received a life sentence. Doc. 12-2 at 55. Petitioner did not appeal his sentence. On July 1, 2008, Petitioner filed a state habeas corpus petition. Doc. 21-1. Following an evidentiary hearing, Petitioner's state habeas corpus petition was denied on August 4, 2010. Doc. 12-4. Petitioner then filed an application for a certificate of probable cause to

1

appeal the denial of his state habeas corpus petition, which was denied by the Supreme Court of Georgia on February 6, 2012. On April 30, 2012, Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254. Doc. 1.

## DISCUSSION

Petitioner's federal habeas corpus petition must be dismissed because Petitioner failed to submit his petition within the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). On April 24, 1996, the AEDPA went into effect, establishing a one-year period of limitations for federal habeas corpus petitions. See Pope v. Secretary for Dept. of Corrections, 680 F.3d 1271, 1281 (11th Cir. 2012) (citing Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998)). A petitioner whose conviction became final before the AEDPA went into effect had a one-year period after the enactment of the AEDPA within which to file a federal habeas corpus petition. Wilcox, 158 F.3d at 1211. As such, a petitioner whose conviction became final before April 24, 1996 had until April 23, 1997 to file a timely federal habeas corpus petition. Id.

In this case, Petitioner did not file his federal habeas corpus petition within the one-year statutory requirement. If a petitioner does not seek review of his conviction, his conviction becomes final when the time to seek review expires. See Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). Petitioner pleaded guilty on July 18, 1994. Because Petitioner did not appeal his conviction, his conviction became final on August 17, 1994. See O.C.G.A. § 5-6-38 (under Georgia law, a defendant has thirty days to file a notice of appeal). As Petitioner's conviction became final before the enactment of the AEDPA, Petitioner had until April 23, 1997 to file his federal habeas corpus petition. Petitioner did not file a state or federal habeas corpus petition

until July 1, 2008, over eleven years after his period of limitations to file a federal petition had expired.

Petitioner contends that his petition should be considered timely based on newly discovered evidence that shows that he is actually innocent. In the case of newly discovered evidence, the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). A petitioner asserting newly discovered evidence must also show that he exercised due diligence in discovering the new evidence acting as a factual predicate for his claim. Frederick v. McNeil, 300 Fed. Appx. 731, 734 (11th Cir. 2008) (citing Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002)).

In this case, Petitioner claims to have discovered two witness statements indicating that Petitioner did not fire the fatal shot at the victim. The record shows, however, that these witness statements were taken in December 1993 as part of the police investigation of the incident. Moreover, testimony at Petitioner's state habeas corpus hearing revealed that the witness statements were available to Petitioner prior to his pleading guilty.[1] Doc. 12-2 at 13. Because the witness statements were available to Petitioner at the time of his guilty plea and Petitioner has failed to show that he was unable to locate them despite due diligence, the statements do not constitute newly discovered evidence. As such, Petitioner is not entitled to a later starting date of the period of limitations.

---

[1] Attorney William Straughan represented Petitioner on his charges. William Straughan, however, was no longer a competent witness at Petitioner's state habeas corpus hearing due to his advanced age and decline in health. William Straughan's son, Mark Straughan, was his law partner at the time of Petitioner's representation, and the two attorneys worked together closely as contract public defenders for the Oconee Judicial Circuit. Because Mark Straughan worked with his father on Petitioner's case and was familiar with the case, Mark Straughan testified at Petitioner's state habeas corpus hearing. Doc. 12-2.

Petitioner also contends that the witness statements show that he is actually innocent. A court may consider an otherwise untimely federal habeas corpus petition upon a showing of a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 495 (1985). see also Wyzykowski v. Dept. of Corrections, 226 F.3d 1213 1218-19 (11th Cir. 2000). A fundamental miscarriage of justice exists when "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray, 477 U.S. at 496. The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (internal quotations omitted). Additionally, "a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner has failed to show that he is entitled to the actual innocence exception. As stated above, the witness statements were available to the defense at trial. Additionally, testimony at Petitioner's state habeas corpus hearing revealed that there were over thirty witnesses present at the shooting, many of whom gave various conflicting statements regarding the incident. Doc. 12-2 at 13. Although some witnesses gave statements indicating that Petitioner did not fire the fatal shot, Attorney Mark Straughan testified at the state habeas corpus hearing that "almost everyone with a few exceptions…pointed the finger at [Petitioner]." Id. at 22. Moreover, Mr. Straughan testified that the defense's trial strategy was to use the conflicting witness statements to show that Petitioner was not the gunman.[2] Id. at 12-13. Mr. Straughan testified that the defense had subpoenaed Robert West, who provided one of the statements that Petitioner relies upon in the instant petition, to testify for the defense. Id.

---

[2] Petitioner did not decide to plead guilty until after the trial began and the parties were in the process of selecting a jury. Doc. 12-2 at 10.

Because the witness statements were available as evidence at the trial and because Petitioner has failed to show that the statements would have made it more likely than not that no reasonable juror would have convicted him, Petitioner is not entitled to the actual innocence exception.

Petitioner has also failed to show that he is entitled to equitable tolling of the limitations period. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if it was untimely filed because of "extraordinary circumstances that [were] both beyond [the petitioner's] control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If the petitioner makes no effort to demonstrate that he meets the necessary criteria, he is not eligible for equitable tolling. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004). In this case, Petitioner has made no effort to demonstrate that he is entitled to equitable tolling.

## CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within the AEDPA one-year limitations period and because Petitioner has failed to show that he is entitled to a later starting date of the limitations period or that he is actually innocent, it is hereby **RECOMMENDED** that the instant petition be **DISMISSED**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this

showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO ORDERED**, this 14th day of November, 2012.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                 United States Magistrate Judge